E-FILED
Monday, 03 November, 2025  11:42:34 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **CRYSTAL HALL ROEDL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   **Case No. 25 CV 2286** |
| **v.** | ) |
| | ) |
| **JENNIFER HANNA, CHAMPAIGN SENIOR** | ) |
| **CARE, INC., an Illinois corporation, HOME** | ) |
| **INSTEAD, INC., an Illinois Corporation, and** | ) |
| **CP CARE, LLC d/b/a Home Instead** | ) |
| **Champaign,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

NOW COMES the Plaintiff, CRYSTAL HALL ROEDL, by and through her attorneys, CUNNINGHAM LOPEZ LLP, and in support of her Motion to Remand to State Court, states in support as follows:

**FACTS AND PROCEDURAL HISTORY**

1. On August 8, 2025, Plaintiff filed a Complaint with the Sixth Judicial Circuit, Champaign, County, Illinois, case number 25 LA 150. See Complaint attached hereto as Exhibit 1.

2. On September 22, 2025, Defendant CP Care, LLC, was served. See CP Care, LLC Affidavit of Service, attached hereto as Exhibit 2.

3. On September 23, 2025, Defendant Home Instead, Inc. was served. See Home Instead, Inc. Affidavit of Service, attached hereto as Exhibit 3.

4. On October 23, 2025, Defendant Home Instead, LLC filed a Notice of Removal. See Dkt. 1.

5.    At the time of Home Instead, LLC's Notice of Removal, Defendant CP Care, LLC was served and an affidavit of service for said defendant was filed with the state court.  See Exhibit 2.

6.    Defendant Home Instead's Notice of Removal does not contain a verification from nor a reference to consent obtained from Defendant CP Care, LLC. See Dkt. 1.

**LAW AND ARGUMENT**

7.    28 U.S.C. § 1441(a) provides in full:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

West 2025.

8.    28 U.S.C. § 1446(b)(2)(A) provides "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  West 2025.

9.    The party seeking removal has the burden of establishing federal jurisdiction. Curry v. Boeing Co., 542 F.Supp.3d 804, 808 (N.D. Ill. 2021).  The court must interpret the removal statute narrowly, resolving any doubt in favor of the plaintiffs' choice of forum in state court. Id.

10.    Whether an action should be remanded to state court is resolved by the district court with reference to the complaint, notice of removal, and the state court record at the time the notice of removal was filed. Id.

11.    Valid removal under 28 U.S.C. § 1441(a) requires the consent of all defendants. Benson v. Unilever U.S., Inc., 884 F.Supp.2d 708, 712-13 (S.D. Ill. 2012).  *See* Save-A-Life

2

Found., Inc. v. Heimlich, 601 F.Supp.2d 1005, 1007 (N.D. Ill 2009) (If the suit names multiple defendants, it may not be removed unless all the defendants consent to removal. Courts refer to this as the unanimity requirement).

**I.      DEFENDANT'S NOTICE OF REMOVAL DOES NOT COMPLY WITH 28 U.S.C. § 1446(b)(2)(A) AS IT DOES NOT CONTAIN THE CONSENT OF DEFENDANT CP CARE, LLC, WHO WAS PROPERLY SERVED IN THE STATE COURT ACTION.**

12.     Defendant Home Instead, Inc. brings its notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.  As such, Home Instead is required to strictly comply with the requirements of removal therein.

13.     Home Instead's notice of removal is defective on its face and this Court must remand back to state court.  The notice does not contain the consent nor joinder of Defendant CP Care, LLC, who was served before Defendant Home Instead, Inc..  28 U.S.C. § 1446(b)(2)(A) requires **all defendants who have been properly joined and served** to join in or consent to the removal of the action.  Defendant Home Instead's notice of removal fails at this jurisdictional requirement.

14.     28 U.S.C. § 1447 is entitled Procedure after removal generally and section (c) therein provides in full:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

> West 2025.

3

15.    The instant motion is brought within 30 days of the filing of notice of removal. Pursuant to 28 U.S.C. § 1447(c) the court may require payment of attorney fees, costs, and expenses incurred by Plaintiff as a result of the removal.  Plaintiff requests the same.

WHEREFORE, Plaintiff prays that this honorable court grant her motion, remand this matter back to state court, order Defendant Home Instead, Inc. to pay attorneys fees, costs, and expenses incurred as a result of the removal, and whatever other and further relief it deems equitable and just.

Respectfully submitted,

*/s/ Zachary Reynolds*
Zachary Reynolds

Cunningham Lopez LLP
Attorneys for Plaintiff
120 W Madison St., Suite 611
Chicago, Illinois 60602
312-419-9611
ARDC # 6330333
zr@cunninghamlopez.com

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the above **Motion to Remand to State Court** was filed on November 3, 2025 with the Central District of Illinois ECF System, serving a copy on all parties through the System.

/s/ Zachary Reynolds
Zachary Reynolds